UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF IDAHO

| In re:<br><br>MATTHEW CRAIG HAWKINS,<br><br>Debtor. | Bankruptcy Case<br>No. 20-40242-JMM |
|---|---|

MEMORANDUM OF DECISION

Appearances:

    Ryan Farnsworth, AVERY LAW, Idaho Falls, Idaho, attorney for Debtor.

    Heidi Buck Morrison, RACINE OLSON, PLLP, Pocatello, Idaho, attorney for Trustee.

*Introduction*

In this chapter 7[1] case, the assigned trustee, Gary L. Rainsdon ("Trustee"), filed an objection to exemptions claimed by the debtor, Matthew Craig Hawkins ("Debtor"). Dkt. No. 24. Debtor responded to the objection, Dkt. No. 31, but subsequently amended his schedules, Dkt. No. 45, after which Trustee again objected to Debtor's claimed exemptions, Dkt. No. 51.

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

MEMORANDUM OF DECISION − 1

The matter was set for hearing and continued several times. On December 7, 2020, the parties agreed to continue the hearing one additional time, and in lieu of holding an evidentiary hearing, arranged to submit the matter on stipulated facts, exhibits, and written argument. Dkt. No. 65. The stipulated facts and exhibits were filed on December 23, 2020, Dkt. No. 67, and a redacted version was filed on January 8, 2021, Dkt. No. 71. The Trustee filed a brief in support of his objection, but the Debtor did not brief the issues. Dkt. No. 68.

The Court heard oral argument on January 19, 2021, and thereafter deemed the objection under advisement. After considering the briefing, oral argument, evidence, and stipulated facts presented, as well as the applicable law, the Court issues the following decision resolving the objection. Fed. R. Bankr. P. 7052; 9014.

*Facts*[2]

Debtor filed a bankruptcy petition on March 19, 2020. Dkt. No. 71 at ¶ 1. On the petition date, Debtor was married to Anna May Hawkins, and had been for seven years prior to the petition date. *Id.* at ¶ 2. There were no prenuptial agreements in place, and all of Debtor's assets on the petition date were community property. *Id.* at ¶¶ 3–4. Ms. Hawkins and Debtor filed separate bankruptcy petitions, with Debtor filing his first, and

---

[2] The source of these facts are the stipulated facts submitted by the parties as well as a review of the Court's docket.

MEMORANDUM OF DECISION − 2

as such, the community property is included within Debtor's bankruptcy estate.[3] *Id.* at ¶ 5.

On his schedules, Debtor listed five bank accounts and claimed a percentage of the funds in them exempt, to which Trustee objected on the grounds that he had not yet verified the amount of funds in the accounts, nor that they are properly exempt. Dkt. Nos. 1; 24. Debtor filed a response to the objection arguing that when filing the petition, it is difficult to pinpoint the exact amount of funds in the accounts due to automatic payments and outstanding checks. Dkt. No. 31.

Subsequently, on September 8, 2020, Debtor amended his schedules to identify the following deposit accounts and to claim a portion of the funds in them exempt, as follows:

| Institution | Account Type | Account No. | Amount | Exemption Claimed |
|---|---|---|---|---|
| US Bank | checking | 3251 | $ 2,020.31 | 75% – I.C. § 11-207 |
| US Bank | savings | 7179 | $ 1,263.40 | 75% – I.C. § 11-207 |
| First Federal | checking | 5924 | $ 730.66 | 75% – I.C. § 11-207 |
| First Federal | Savings | 8888 | $ 1,008.59 | 75% – I.C. § 11-207 |

Dkt. Nos. 45; 71 at ¶ 6. Those balances total $5,022.96, seventy-five percent of which is $3,767.22. *Id.*

In their stipulated facts, the parties agreed that the bank statements showed certain deposits were made to specific accounts prior to the bankruptcy filing. Dkt. No. 71 at

---

[3] Ms. Hawkins' bankruptcy filing is styled *In re Hawkins*, 20-40243-JMM.

MEMORANDUM OF DECISION – 3

¶¶ 10; 12; 14; and 16.  Additionally, by stipulation, the parties also agreed to the admission of Exhibit 100, which are copies of the bank statements themselves.  Dkt. No. 71 at ¶ 9.  In comparing the stipulated facts with Exhibit 100, the Court noted two discrepancies.  First, in Account No. 3251, the parties stipulated to deposits on March 4, 2020 and March 12, 2020, but nothing in between.  However, Exhibit 100 shows an electronic deposit of $1,706.60 from "DFAS-IN  IND, IN. ARMY RC" on March 11, 2020, as well as a second deposit on that day totaling $2,844 from "IRS TREAS 310 TAX REF."  Neither of these deposits are included in the parties' stipulated facts, but because the bank statements are also part of the record, the Court will consider those deposits in its analysis.

Second, the parties stipulated to deposits and withdrawals beginning at various dates prior to the bankruptcy petition filing date.  The Court is unclear about why particular beginning dates were chosen, but in some cases, the Court will consider deposits and withdrawals occurring prior in time to those stipulated to by the parties, as described more fully below.

Upon filing the bankruptcy petition, Debtor claimed seventy-five percent of the funds in each of the accounts exempt as wages under Idaho Code § 11-207, to which Trustee objected.

### *Analysis and Disposition*

In bankruptcy, a debtor may exempt certain property, thereby shielding it from liquidation by the chapter 7 trustee.  *In re Cerchione*, 398 B.R. 699, 703 (Bankr. D. Idaho

MEMORANDUM OF DECISION − 4

2009), *aff'd,* 398 B.R. 699 (9th Cir. BAP 2009). In Idaho, debtors are largely restricted to claiming exemptions provided for under state law. Idaho Code § 11-609. Debtor did so here, when he claimed the funds in the deposit accounts exempt under Idaho Code § 11-207.

As the objecting party, Trustee has the burden of proving the claim of exemption is not proper. Rule 4003(c); *In re Mathews*, 565 B.R. 662, 669 (Bankr. D. Idaho 2017) (citing *Carter v. Anderson (In re Carter)*, 182 F.3d 1027, 1029 n.3 (9th Cir. 1999)); *In re Cerchione*, 398 B.R. at 703. If the trustee offers sufficient evidence to rebut the prima facie validity of the exemption, the burden then shifts to debtor to demonstrate the claimed exemption is proper. *In re Haworth*, 604 B.R. 394, 396 (Bankr. D. Idaho 2019) (citing *In re Hall*, 464 B.R. 896, 903 (Bankr. D. Idaho 2012)). Exemption statutes are to be liberally construed in favor of the debtor. *In re Moore,* 349 B.R. 44, 46 (Bankr. D. Idaho 2005); *In re Steinmetz,* 261 B.R. 32, 33 (Bankr. D. Idaho 2001). The validity of the exemption is determined as of the petition date. § 522(b)(3)(A); *Culver, LLC v. Chiu (In re Chiu)*, 266 B.R. 743, 751 (9th Cir. BAP 2001).

Debtor claimed seventy-five percent of the funds in of each of the four bank accounts exempt under Idaho Code § 11-207, which provides in relevant part:

> (1) Except as provided in subsection (2) of this section, the maximum amount of the aggregate disposable earnings of an individual for any work week which is subjected to garnishment shall not exceed (a) twenty-five per cent (25%) of his disposable earnings for that week, or (b) the amount by which his disposable earnings for that week exceed thirty (30) times the federal minimum hourly wage prescribed by 29 U.S.C.A. 206(a)(1) in effect at the time the earnings are payable, whichever is less.

MEMORANDUM OF DECISION − 5

Idaho Code § 11-207(1). The Idaho Code also provides certain helpful statutory definitions:

> 1. "Earnings" means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement program.
>
> 2. "Disposable earnings" means that part of the earnings of any individual remaining after the deduction from those earnings of any amounts required by law to be withheld.
>
> 3. "Garnishment" means any legal or equitable procedure through which the earnings of any individual are required to be withheld for payment of any debt.

Idaho Code § 11-206.

If Debtor can trace the funds on deposit in his accounts on the date he filed his bankruptcy petition back to "wages," then seventy-five percent of those funds will be exempt. *In re Merrill,* 431 B.R. 239, 244 (Bankr. D. Idaho 2009) (citing *In re Colling*, 03.1 I.B.C.R. 58, 60 (Bankr. D. Idaho 2003)) ("Idaho courts would allow an exemption in wages even where those earnings have been paid to the debtor and deposited in a bank account, so long as the debtor is able to trace the source of the exempt funds back to her wages.").

MEMORANDUM OF DECISION − 6

In the weeks prior to the March 19, 2020 bankruptcy filing, the stipulated evidence before the Court indicates that the following deposits were made in each account:[4]

| Acct # | Date | Amount | Deposit Source | Account Balance |
|---|---|---|---|---|
| 3251 | 2/27/21 | $ 50.00 | Overdraft Protection Transfer from Acct 7179 | $ 44.71 |
| 3251 | 2/28/20 | $1,552.19 | TWIN FALLS CNTY PAYROLL | $ 1,443.84 |
| 3251 | 3/04/20 | $1,400.28 | Mobile Check Deposit | $ 1,873.06 |
| 3251 | 3/11/20 | $1,706.60 | DFAS-IN, IN ARMY RC | |
| 3251 | 3/11/20 | $2,844.00 | IRS TREAS TAX REF | $ 542.52 |
| 3251 | 3/12/20 | $ 152.50 | FED PAYMNT | $ 562.67 |
| 3251 | 3/13/20 | $ 324.66 | DFAS-IN, IN ARMY RC | $ 806.50 |
| 3251 | 3/17/20 | $ 100.00 | Mobile Transfer from Acct 7179 | |
| 3251 | 3/17/20 | $ 500.00 | Mobile Transfer from Acct 7179 | $ 825.95 |
| 3251 | 3/18/20 | $ 930.32 | DFAS-IN, IN ARMY RC | |
| 3251 | 3/18/20 | $ 1,000.00 | Mobile Transfer from Acct 7179 | |
| 3251 | 3/18/20 | $ 2,000.00 | Mobile Transfer from Acct 7179 | $ 2,020.31 |

| Acct # | Date | Amount | Deposit Source | Account Balance |
|---|---|---|---|---|
| 7179 | 3/02/20 | $ 75.00 | START Scheduled Transfer | $ 75.00 |
| 7179 | 3/04/20 | $ 1,389.40 | Mobile Check Deposit | |
| 7179 | 3/04/20 | $ 4,000.00 | ATM Deposit | |
| 7179 | 3/11/20 | $ 1,040.00 | Transfer from Acct 3251 | |
| 7179 | 3/11/20 | $ 1,700.00 | Transfer from Acct 3251 | $ 4,863.40 |
| 7179 | 3/19/20 | | | $ 1,263.40 |

| Acct # | Date | Amount | Deposit Source | Account Balance |
|---|---|---|---|---|
| 5924 | 2/11/20 | $ 400.00 | SOPHIE DEPOSIT | |
| 5924 | 2/12/20 | $ 100.00 | Mobile Transfer from Acct 8888 | |
| 5924 | 2/12/20 | $ 250.00 | Mobile Transfer from Acct 8888 | |
| 5924 | 2/12/20 | $ 600.00 | Mobile Transfer from Acct 8888 | |
| 5924 | 2/13/20 | $ 100.00 | Mobile Transfer from Acct 8888 | |

---

[4] The Court did not include three "Reversed Fee" deposits in the amount of $2.50 each in Account No. 3251, as the bank statements indicate those are bank adjustments to negate fees charged by out of network ATMs. The same is true for a $60.00 "Refund Excess Trans Item Charges" in Account # 8888.

MEMORANDUM OF DECISION − 7

| Acct # | Date | Amount | Deposit Source | Account Balance |
|---|---|---|---|---|
| 5924 | 2/14/20 | $ 1,213.02 | Twin Falls Cnty Payroll | $ 1,119.76 |
| 5924 | 2/18/20 | $ 500.00 | Mobile Transfer from Acct 8888 | |
| 5924 | 2/18/20 | $ 999.99 | Mobile Transfer from Acct 8888 | $ 659.70 |
| 5924 | 2/28/20 | $ 1,213.02 | Twin Falls Cnty Payroll | $ 1,220.18 |
| 5924 | 3/02/20 | $ 200.00 | Mobile Transfer from Acct 8888 | $ 1,025.90 |
| 5924 | 3/05/20 | $ 1,800.00 | Transfer from DD 0493 | $ 1,844.58 |
| 5924 | 3/13/20 | $ 1,213.02 | Twin Falls Cnty Payroll | $ 2,121.72 |
| 5924 | 3/18/20 | $ 800.00 | Mobile Transfer from Acct 8888 | $ 1,229.60 |

| Acct # | Date | Amount | Deposit Source | Account Balance |
|---|---|---|---|---|
| 8888 | 2/04/20 | $ 1,000.00 | Mobile Deposit | $ 1,900.08 |
| 8888 | 2/12/20 | $ 1,600.00 | Mobile Deposit | $ 1,600.08 |
| 8888 | 2/19/20 | $ 218.50 | Mobile Deposit | $ .09 |
| 8888 | 3/11/20 | $ 1,790.00 | Deposit | $ 1,808.59 |
| 8888 | 3/19/20 | | | $ 1,008.58 |

As noted above, the parties stipulated to the facts and the admission of Exhibit 100. There were no other exhibits admitted, nor were any affidavits or declarations filed. Indeed, there were no stipulations regarding whether *any* of the deposits were wages. The schedules reveal, however, that Debtor works for the Idaho State Army National Guard, and Ms. Hawkins is employed by Twin Falls County.[5] As such, of the foregoing deposits, the Court can comfortably conclude these are directly traceable to wages:

| Institution | Acct # | Dep. Date | Amount | Source |
|---|---|---|---|---|
| US Bank | 3251 | 2/14/20 | $1,530.63 | TWIN FALLS CNTY PAYROLL |
| US Bank | 3251 | 2/21/20 | $ 598.41 | DFAS-IN, IN ARMY RC |
| US Bank | 3251 | 2/28/20 | $1,552.19 | TWIN FALLS CNTY PAYROLL |
| US Bank | 3251 | 3/11/20 | $1,706.60 | DFAS-IN, IN ARMY RC |
| US Bank | 3251 | 3/13/20 | $ 324.66 | DFAS-IN, IN ARMY RC |
| US Bank | 3251 | 3/18/20 | $ 930.32 | DFAS-IN, IN ARMY RC |

---

[5] See Dkt. No. 1 at schedule I; *In re Hawkins*, 20-40243-JMM, Dkt. No. 1 at schedule I.

MEMORANDUM OF DECISION − 8

| Institution | Acct # | Dep. Date | Amount | Source |
|---|---|---|---|---|
| First Federal | 5924 | 2/14/20 | $ 1,213.02 | Twin Falls Cnty Payroll |
| First Federal | 5924 | 2/28/20 | $ 1,213.02 | Twin Falls Cnty Payroll |
| First Federal | 5924 | 3/13/20 | $ 1,213.02 | Twin Falls Cnty Payroll |

The Court can make no such finding with the remaining deposits, with the exception of some transfers to and from Account No. 7179, as will be discussed more fully below. While the case law interpreting the relevant exemption statutes does not require "absolute" tracing, in order for the funds to be exempt, the Court must still find the funds in the accounts can be "reasonably traced" to wages. *In re Matsuura*, No. 13-40226-JDP, 2013 WL 6577389, at *4 (Bankr. D. Idaho Dec. 16, 2013) (citing *Hooper v. State*, 127 Idaho 945, 950, 908 P.2d 1252, 1257 (Ct. App. 1995)). In this case, Trustee placed sufficient evidence before the Court to rebut the prima facie validity of the exemption, which then shifts the burden to Debtor to demonstrate the claimed exemptions are proper. Regrettably, in opposing the trustee's objection to the claim of exemption, Debtor's counsel simply argued that Debtor's and Ms. Hawkins' only source of funds were their wages, and thus by implication, the accounts contained only wages.[6]

---

[6] Debtor's complete brief opposing Trustee's objection provides:

(1) Trustee broadly asserts all bank accounts are not "traceable" to wages.

    RESPONSE - Debtor and his wife have no income other than "earnings" which qualify for I.C. 11-207.

    This matter was brought before the Court in a previous Court telephonic Hearing and Trustee's counsel advised he simply didn't have copies of the bank statements to verify the source of earnings.

    Debtor contends the statements had been previously supplied to trustee, but on October 16, 2020 a copy again was sent to both Trustee Rainsdon and his Counsel Dan Green.

MEMORANDUM OF DECISION − 9

Such a self-serving statement is not evidence. Not only was it not in affidavit or declaration form, but counsel is not in a position to testify to such matters. *See Hooper v. State*, 127 Idaho at 950, 908 P.2d at 1252. Moreover, Debtor elicited no other evidence to rebut the Trustee's objection. No pay stubs or copies of paychecks were introduced into evidence. Indeed, the record is completely devoid of evidence regarding the source of those funds. While the Court can reliably deduce those deposits which are attributable to payroll direct deposits because the name of the employers are clearly indicated on Exhibit 100, the record permits no such conclusions about the remaining deposits.

Turning once again to the deposits the Court concludes are traceable to wages, the Court must now determine whether those deposits remained in the accounts on petition day. The fact that those wages have been commingled with other, non-exempt funds, does not automatically affect their character as wages. Rather, the Idaho Legislature directs the Court to apply "first in, first out accounting principles" to identify exempt funds. Idaho Code § 11-713(4).[7] The term "first in, first out" is defined as "[a]n accounting method that assumes that goods are sold in the order in which they were purchased — that is, the oldest items are sold first." *First-In, First-Out*, BLACK'S LAW

---

Debtor thus considered the matter resolved, but hereby responds as Trustee has requested by email this day a more formal response.

Dkt. No. 59.

[7] Idaho statutes reference the "first in, first out" method in several statutes, but nowhere is it defined. Idaho Code §§ 11-713; 28-4-210; 28-4-635; 45-501; and 67-8210.

MEMORANDUM OF DECISION − 10

DICTIONARY (9th ed. 2009). In terms of financial deposits, a court applying this method considers whether, after depositing exempt funds, the debtor withdrew funds exceeding the exempt amounts. *See NCNB Fin. Servs., Inc. v. Shumate*, 829 F. Supp. 178 (D. W.D. Va. 1993). The Court will consider each of the accounts individually.

Account No. 8888

This account evidences a number of mobile deposits during the relevant period:

| Acct # | Date    | Amount     | Deposit Source | Account Balance |
|--------|---------|------------|----------------|-----------------|
| 8888   | 2/04/20 | $1,000.00  | Mobile Deposit | $1,900.08       |
| 8888   | 2/12/20 | $1,600.00  | Mobile Deposit | $1,600.08       |
| 8888   | 2/19/20 | $ 218.50   | Mobile Deposit | $    .09        |
| 8888   | 3/11/20 | 1,790.00   | Deposit        | $1,808.59       |
| 8888   | 3/19/20 |            |                | $1,008.58       |

Wholly lacking is any evidence regarding the source of those deposits. Because the burden has shifted to the Debtor to prove the funds in Account No. 8888 are wages, the Court finds the proof fails, and concludes they are not properly exemptible as wages. Trustee's objection will be sustained with regard to the $1,008.59 balance in this account when the petition was filed.

Account No. 5924

According to Exhibit 100, Account No. 5924 demonstrates the following deposits and withdrawals were made to this account in the weeks leading up to the bankruptcy filing:

MEMORANDUM OF DECISION − 11

| Date | Amount | Source | Expenditures[8] | Account Balance | Remaining Non-Payroll | Remaining Payroll |
|---|---|---|---|---|---|---|
| 2/12/20 | $ 250.00 | Other | | | | |
| 2/12/20[9] | $ 600.00 | Other | | $1,104.93 | $1,104.93 | $ 0.00 |
| 2/13/20 | $ 100.00 | Other | $ 912.00 | $ 292.93 | $ 292.93 | $ 0.00 |
| 2/14/20 | $1,213.02 | Payroll | $ 386.19 | $1,119.76 | $ 0.00 | $1,119.76 |
| 2/18/20 | $ 500.00 | Other | | $1,619.76 | $ 500.00 | $1,119.76 |
| 2/18/20 | $ 999.99 | Other | $1,960.05 | $ 659.70 | $ 659.70 | $ 0.00 |
| 2/28/20 | $1,213.02 | Payroll | $ 652.54 | $1,220.18 | $ 7.16 | $1,213.02 |
| 3/02/20 | $ 200.00 | Other | $ 394.28 | $1,025.90 | $ 200.00 | $ 825.90 |
| 3/05/20 | $1,800.00 | Other | $ 981.32 | $1,844.58 | $1,844.58 | $ 0.00 |
| 3/13/20 | $1,213.02 | Payroll | $ 935.88 | $2,121.72 | $ 908.70 | $1,213.02 |
| 3/18/20 | $ 800.00 | Other | $1,692.12 | $1,229.60 | $ 800.00 | $ 429.60 |
| 3/19/20 | | | $ 498.84 | $ 730.76 | $ 730.76 | $ 0.00 |

By the Court's calculations, on the date the petition was filed, Account No. 5924 held $730.76 that were not traceable to wages. Accordingly, Trustee's objection to Debtor's claim of exemption in Account No. 5924 will be sustained.

Account No. 3251

The bank statements in Exhibit 100 indicate the following deposits and expenditures for Account No. 3251:

---

[8] The Court calculated the "expenditures" by using the daily balance summary at the end of each bank statement. Simply put, the Court took the ending balance on a given date, added in any deposits made, and then subtracted the ending balance on the next date to calculate the expenditures during that period. For example, in Account No. 5924, on February 12, 2020, the ending balance was $1,104.93. The following day there was a $100 deposit, and the ending balance was $292.93, indicating expenditures in the amount of $912 ($1,104.93 + $100 = $1,204.93 - $292.93 = $912).

[9] When multiple transactions occur on the same date, the Court inputted them in the order they are reflected on the bank statements and calculated the expenditures at the end of the date, according to the daily balance listed on the bank statement.

MEMORANDUM OF DECISION – 12

| Date | Amount | Source | Expenditures | Account Balance | Remaining Non-Payroll | Remaining Payroll |
|---|---|---|---|---|---|---|
| 2/27/21 | $ 50.00 | Other | | $ 44.71 | $ 44.71 | $ 0.00 |
| 2/28/20 | $1,552.19 | Payroll | $ 153.06 | $1,443.84 | $ 0.00 | $1,443.84 |
| 3/04/20 | $1,400.28 | Other | $ 971.06 | $1,873.06 | $1,400.28 | $ 472.78 |
| 3/11/20 | $1,706.60 | Payroll | | $3,579.66 | $1,400.28 | $2,179.38 |
| 3/11/20 | $2,844.00 | Other | $5,881.14 | $ 542.52 | $ 542.52 | $ 0.00 |
| 3/12/20 | $ 152.50 | Other | $ 132.35 | $ 562.67 | $ 562.67 | $ 0.00 |
| 3/13/20 | $ 324.66 | Payroll | $ 80.83 | $ 806.50 | $ 481.84 | $ 324.66 |
| 3/17/20 | $ 100.00* | Other | | | | $ 324.66 |
| 3/17/20 | $ 500.00* | Other | $ 580.55 | $ 825.95 | $ 600.00 | $ 225.95 |
| 3/18/20 | $ 930.32 | Payroll | | $1,756.27 | $ 600.00 | $1,156.27 |
| 3/18/20 | $ 1,000.00* | Other | | | $1,600.00 | $1,156.27 |
| 3/18/20 | $ 2,000.00* | Other | $2,735.96 | $2,020.31 | $2,020.31 | $ 0.00 |

* designates transactions that will be revisited following a discussion of Account No. 7179.

Under the first in, first out accounting method, it is clear that all of the payroll deposits were spent prior to the March 19, 2020 bankruptcy filing, leaving no wages left to exempt in this account. Therefore, as to this account, Trustee's objection is sustained as to the $2,020.31 balance in this account on the date the petition was filed.

Account No. 7179

Account No. 7179 evidences both deposits from unknown sources as well as transfers from Account No. 3251, an account where wages had been deposited.

| Acct # | Date | Amount | Deposit Source | Account Balance |
|---|---|---|---|---|
| 7179 | 2/03/20 | $ 75.00 | Other | $ 75.00 |
| 7179 | 2/27/20 | -$ 50.00 | Other | $ 25.00 |
| 7179 | 3/02/20 | $ 75.00 | Other | $ 100.00 |
| 7179 | 3/04/20 | $1,389.40 | Other | $1,489.40 |
| 7179 | 3/04/20 | $4,000.00 | Other | $5,489.40 |
| 7179 | 3/10/20 | -$3,366.00 | Other | $2,123.40 |
| 7179 | 3/11/20 | $1,040.00 | Transfer from # 3251 | $3,163.40 |
| 7179 | 3/11/20 | $1,700.00 | Transfer from #3251 | $4,863.40 |
| 7179 | 3/17/20 | -$ 100.00 | Transfer to Acct. 3251 | $4,763.40 |

MEMORANDUM OF DECISION − 13

| Acct # | Date    | Amount     | Deposit Source        | Account Balance |
|--------|---------|------------|-----------------------|-----------------|
| 7179   | 3/17/20 | -$ 500.00  | Transfer to Acct. 3251 | $4,263.40       |
| 7179   | 3/18/20 | -$1,000.00 | Transfer to Acct 3251 | $3,263.40       |
| 7179   | 3/18/20 | -$2,000.00 | Transfer to Acct 3251 | $1,263.40       |
| 7179   | 3/19/20 |            |                       | $1,263.40       |

It also appears that the transfers from Account No. 3251 were the last deposits made before the bankruptcy filing. Accordingly, those deposits would be the last out. If the transferred funds can be traced to wages in Account No. 3251, then they would remain exemptible as wages in Account No. 7179.

If the Court revisits the chart for Account No. 3251 for the relevant time period, it is clear that on March 11, 2020, there were $2,179.38 in payroll deposits in the account.

| Date    | Amount    | Deposit Source | Expenditures | Account Balance | Remaining Non-Payroll | Remaining Payroll |
|---------|-----------|----------------|--------------|-----------------|-----------------------|-------------------|
| 3/04/20 | $1,400.28 | Other          | $ 971.06     | $ 1,873.06      | $ 1,400.28            | $ 472.78          |
| 3/11/20 | $1,706.60 | Payroll        |              | $ 3,579.66      | $ 1,400.28            | $ 2,179.38        |
| 3/11/20 | $2,844.00 | Other          | $ 5,881.14   | $ 542.52        | $ 542.52              | $ 0.00            |
| 3/12/20 | $ 152.50  | Other          | $ 132.35     | $ 562.67        | $ 562.67              | $ 0.00            |

Between March 4th and March 11th, however, expenditures or withdrawals in the amount of $ 5,881.14 were made. Of those "expenditures," $1,040 and $1,700 were actually transfers to Account No. 7179 on March 11, and that same day a "Customer Withdrawal" in the amount of $1,790.60 was removed from the account. That leaves $1,350.54 in withdrawals that were made prior to the transfers and customer withdrawal on March 11. Under the first in, first out account methodology, those expenditures would have been made using the $472.78 in payroll funds first, and then the $1,400.28 in non-wage funds available in the account would have been utilized. This would leave $522.52

MEMORANDUM OF DECISION − 14

of the non-payroll funds remaining. Thereafter, the Debtor's paycheck was deposited into the account, meaning that $522.52 of the $1,040 transfer would have been made from the non-payroll funds, and $517.48 of the transfer balance would have utilized the funds from the payroll deposit that day. Of the $1,706.60 payroll deposit, after using $517.48 to fund the $1,040 transfer, a total of $1,189.12 in payroll funds remained in Account No. 3251 with which to fund the second transfer to Account No. 7179. However, the second transfer to Account No. 7179 on March 11, 2020 was in the amount of $1,700. As such, all $1,189.12 of the remaining payroll funds plus $510.88 of the funds from the tax refund deposit of $2,844 made after the payroll deposit would have been used to effect that transfer.

| Acct # | Date | Amount | Source | Account Balance | Remaining Non-Payroll | Remaining Payroll Funds |
|---|---|---|---|---|---|---|
| 7179 | 2/03/20 | $ 75.00 | Other | $ 75.00 | $ 75.00 | $ 0.00 |
| 7179 | 2/27/20 | -$ 50.00 | Other | $ 25.00 | $ 25.00 | $ 0.00 |
| 7179 | 3/02/20 | $ 75.00 | Other | $ 100.00 | $ 100.00 | $ 0.00 |
| 7179 | 3/04/20 | $1,389.40 | Other | $1,489.40 | $1,489.40 | $ 0.00 |
| 7179 | 3/04/20 | $4,000.00 | Other | $5,489.40 | $5,489.40 | $ 0.00 |
| 7179 | 3/10/20 | -$3,366.00 | Other | $2,123.40 | $2,123.40 | $ 0.00 |
| 7179 | 3/11/20 | $1,040.00 | Transfer from #3251 | $3,163.40 | $2,645.92 | $ 517.48 |
| 7179 | 3/11/20 | $1,700.00 | Transfer from #3251 | $4,863.40 | $3,156.80 | $1,706.60 |
| 7179 | 3/17/20 | -$ 100.00 | Transfer to Acct. 3251 | $4,763.40 | $3,056.80 | $1,706.60 |
| 7179 | 3/17/20 | -$ 500.00 | Transfer to Acct. 3251 | $4,263.40 | $2,556.80 | $1,706.60 |
| 7179 | 3/18/20 | -$1,000.00 | Transfer to Acct 3251 | $3,263.40 | $1,556.80 | $1,706.60 |
| 7179 | 3/18/20 | -$2,000.00 | Transfer to Acct 3251 | $1,263.40 | $ 510.88 | $ 752.52 |
| 7179 | 3/19/20 | | | $1,263.40 | $ 510.88 | $ 752.52 |

MEMORANDUM OF DECISION − 15

When Ms. Hawkins transferred money back from Account No. 7179 to Account No. 3251, however, the first in, first out rule also applies. Because the account held $2,123.40 prior to any transfers into the account that could have been wages, that sum would have been utilized to fund the $100, $500, and $1,000 transfers back to Account No. 3251, leaving $523.40 of those funds available to fund the $2,000 transfer back to Account No. 3251. The Court is concerned about the $1,476.60 remainder of the transfer.

Recall, the first transfer from Account No. 3251 to Account No. 7179 was in the amount of $1,040, which the Court determined consisted of $522.52 in non-payroll funds and $517.48 in payroll funds. Thus, $522.52 in non-payroll funds will next be applied to the $1,476.60 transfer, leaving $954.08 remaining. This will be entirely funded by the $1,706.60 payroll deposit that was used to fund a portion of both the $1,040 and the $1,700 transfers into Account No. 7176. As such, the Court concludes that $954.08 of traceable wages were transferred back to Account No. 3251, while $752.52 in traceable wages remained in Account No. 7179 after the transfers back to Account No. 3251. Seventy-five percent of the $752.52 in traceable wages remaining in Account No. 7179 on petition day will be exempt, totaling $564.39. The Trustee will be entitled to $188.13 from this account, along with the $510.88 in non-payroll funds.

MEMORANDUM OF DECISION − 16

Account No. 3251, Revised

This does not end the Court's inquiry, however. Because the Court has determined that $954.08 in traceable wages were transferred back to Account No. 3251 as part of the $2,000 transfer on March 18, 2020, the Court will reexamine the table for Account No. 3251 to see if it changes the outcome. Recall, the table as previously constructed looked this way:

| Date | Amount | Source | Expenditures | Account Balance | Remaining Non-Payroll | Remaining Payroll |
|---|---|---|---|---|---|---|
| 3/17/20 | $ 100.00 | Other | | | | $ 324.66 |
| 3/17/20 | $ 500.00 | Other | $ 580.55 | $ 825.95 | $ 600.00 | $ 225.95 |
| 3/18/20 | $ 930.32 | Payroll | | $1,756.27 | $ 600.00 | $1,156.27 |
| 3/18/20 | $ 1,000.00 | Other | | | $1,600.00 | $1,156.27 |
| 3/18/20 | $ 2,000.00 | Other | $2,735.96 | $2,020.31 | $2,020.31 | $ 0.00 |

We now know the $100, $500, and $1,000 deposits into Account No. 3251 were entirely made with non-payroll funds under the first in, first out accounting method. As such, the remaining payroll balance would not change. However, when the $2,000 transfer was made on March 18, 2020, the Court has concluded that $954.08 of that transfer was made using traceable payroll deposits. Accordingly, the table should be revised in this manner:

| Date | Amount | Source | Expenditures | Account Balance | Remaining Non-Payroll | Remaining Payroll |
|---|---|---|---|---|---|---|
| 3/17/20 | $ 100.00 | Other | | | | $ 324.66 |
| 3/17/20 | $ 500.00 | Other | $ 580.55 | $ 825.95 | $ 600.00 | $ 225.95 |
| 3/18/20 | $ 930.32 | Payroll | | $1,756.27 | $ 600.00 | $1,156.27 |
| 3/18/20 | $ 1,000.00 | Other | | | $1,600.00 | $1,156.27 |
| 3/18/20 | $ 2,000.00 | Other | | | $2,645.92 | $2,110.35 |

MEMORANDUM OF DECISION − 17

Because Account No. 3251 had $1,600 in non-payroll funds and $1,156.27 in payroll funds in place when the $2,000 transfer occurred, those funds will be used first to pay the $2,735.96 in expenditures, as follows:

Expenditure balance:  $2,735.96
- 600.00 (non-payroll funds)
- 225.95 (payroll funds)
- 930.32 (remaining payroll funds)
- <u>979.69</u> (of $1,000 transfer from #7179, non-payroll)
    0.00

Thanks to the transfer back into Account No. 3251 of traceable payroll funds, there are now exemptible wages remaining in the account on petition day:

| Date | Amount | Source | Expenditures | Account Balance | Remaining Non-Payroll | Remaining Payroll |
|---|---|---|---|---|---|---|
| 3/17/20 | $ 100.00 | Other | | | | $ 324.66 |
| 3/17/20 | $ 500.00 | Other | $ 580.55 | $ 825.95 | $ 600.00 | $ 225.95 |
| 3/18/20 | $ 930.32 | Payroll | | $1,756.27 | $ 600.00 | $1,156.27 |
| 3/18/20 | $ 1,000.00 | Other | | | $1,600.00 | $1,156.27 |
| 3/18/20 | $ 2,000.00 | Other | | | $2,645.92 | $2,110.35 |
| | | | $2,735.96 | $2,020.31 | $1,066.23 | $ 954.08 |

In sum, of the $2,020.31 balance in Account No. 3251 on the date the bankruptcy petition was filed, the Court concludes that $954.08 are reasonably traceable to wages. Seventy-five percent of that amount equals $715.56, which will be exempt, and the remaining twenty-five percent, or $238.52, is non-exempt. The balance of $1,066.23 in other funds in the account on petition day have not been shown to be traceable to wages and are therefore also non-exempt.

MEMORANDUM OF DECISION − 18

*Conclusion*

After the somewhat arduous tracing calculations performed by the Court, it concludes the following amounts in the various accounts are exempt, and the remaining balances are not exempt.

| Account No. | Amount on Petition Day | Exempt Amount | Non-Exempt Amt. |
|---|---|---|---|
| 3251 | $ 2,020.31 | $   715.56 | $ 1,304.75 |
| 7179 | $ 1,263.40 | $   564.39 | $   699.01 |
| 5924 | $   730.66 | $     0.00 | $   730.66 |
| 8888 | $ 1,008.59 | $     0.00 | $ 1,008.59 |
| Total | $ 5,022.96 | $ 1,279.95 | $ 3,743.01 |

Trustee's objection to Debtor's claim of exemption of funds in certain bank accounts as wages will be sustained in part and overruled in part.

A separate order will be entered.

DATED:  March 31, 2021

_____
JOSEPH M. MEIER
CHIEF U. S. BANKRUPTCY JUDGE